CHARLES GILBERT et al., as Sole Distributees of the Estate of AUGUSTA C. GILBERT, Deceased, et al., Respondents, v. STATE MUTUAL LIFE ASSURANCE Co., Appellant, and MERCHANTS NATIONAL BANK & TRUST COMPANY OF SYRACUSE, Respondent. — Appeal from so much of a judgment of the Supreme Court entered in Albany County upon the decision of an Official Referee as adjudged that the defendant-respondent bank recover from the defendant-appellant life insurance company, under its policy insuring certain debtors of the bank, the amount of a joint and several promissory note made by Augusta C. Gilbert, since deceased, and plaintiff-respondent Charles Gilbert, her son. The policy stipulated that each debtor of the bank should be eligible for coverage, provided, among other things: "(b) he is the principal wage earner, if the indebtedness is a joint obligation; (c) the indebtedness is evidenced by a housing loan note which is an eligible note under the Creditor's Title I — F. H. A. Contract of Insurance." It was provided that the amount of the insurance on the life of each insured debtor should at all times equal the principal amount of his outstanding indebtedness, not exceeding the amount allowable under title I of the Federal Housing Act. Appellant expressly limits the issue upon this appeal to the question whether, as found below, the insurance covered the life of the maker Augusta C. Gilbert (who died before the first installment payment on the note became due) or, as appellant contends, that of her son and comaker, Charles Gilbert. The loan was made under the terms of title I of the National Housing Act for the purpose of improving real property by the erection of a silo upon a dairy farm of which Mrs. Gilbert was sole owner. She received the income from the farm in the form of monthly milk checks. The son testified that his mother performed the housekeeping work and he did the farm work; that he was never paid any "salary" by his mother; that he lived on the farm and had his meals there; and that he received "a certain amount of monies for clothing and spending money" by going to his mother and asking her "for so much money", there being "no stipulated amount" and the amount received varying "at different times". It is clear that the only debtors whose lives might be insured under the policy were those whose debts were evidenced by housing loan notes constituting eligible notes "under the Creditor's Title I, F. H. A. Contract of Insurance." Appellant asserts that the insurance coverage was upon the life of the son but, on the trial conceded that an eligible loan under said title I could have been made only to the mother. Hence, the son alone could never have obtained an F. H. A.

loan and thereby have become eligible for insurance. In the light of this inconsistency, the policy provision is ambiguous, at least when applied to this perhaps unusual, and perhaps unforeseen, situation. In resolving any ambiguity, we must, under the familiar rule, construe the provision most strongly against the insurer. The intent of the provision in the very common, and perhaps usual, case of home owners who hold joint title and obtain an F. H. A. improvement loan is clear enough. One purpose is doubtless to protect the survivor and the home in the event of the death of the joint owner whose wages may be essential to payment of the installment indebtedness. It seems to us unreasonable to suppose that the clause in question was intended to comprehend, in addition, the fortuitous circumstances of an accommodation maker, admittedly ineligible, in his own right, to obtain an F. H. A. improvement loan, and enjoying no more than a subsistence income. Thus, in our view, the son may not be considered a maker eligible for insurance and, for purposes of the policy provision, the indebtedness must be deemed solely that of the mother. It follows that clause " (b) " is inapplicable, there being no " joint obligation " within its purview. The judgment must be sustained upon the additional ground that, if either Mrs. Gilbert or her son be deemed a wage earner, then, as between them, Mrs, Gilbert was the principal wage earner, within the meaning of the policy provision, construed according to the accepted canons. The term " wages " has been defined as " 1. Pay given for labor, usually manual or mechanical, at short stated intervals ". (Webster's New International Dictionary, 2d ed.) Lacking here is the element of a fixed interval as well as that of a fixed amount, with which the lay mind, at least, associates the term. Quite aside from dictionary definition, however, the arrangement between mother and son for the working of the farm does not require, as between them, a finding of wage-earning status. Their joint effort, plus the mother's investment, produced income first for their subsistence on the farm itself and then for other uses. While the value of the son's room and board and the amount of the moneys paid him for clothing and spending money might well have constituted wages for other purposes, including that of taxation, it does not follow that a master and servant status existed as between the parties. A contrary intention is here discernible. If, however, the term " wages " be arbitrarily applied to that portion of the farm income devoted to the son's maintenance, upon the farm, that term would be as logically applicable to the farm earnings, in larger amounts, used and expended by the mother. Judgment unanimously affirmed, with one bill of costs to respondents. Settle order, on notice, with additional findings in accordance with this memorandum. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.